IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| WINCHESTER CARPET & RUG COMPANY<br>d/b/a RUGS-DIRECT.COM®,<br><br>  Plaintiff,<br><br>  v.<br><br>BUY RUGS DIRECT, INC.<br>  Serve: Ms. W. Jamie Carnie<br>    President<br>    Buy Rugs Direct, Inc.<br>    345 Boston Post Road<br>    Sudbury, MA 01776<br>    (Secretary of the Commonwealth)<br><br>  Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No._____<br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

Plaintiff Winchester Carpet & Rug Company d/b/a RUGS-DIRECT.COM® ("Winchester"), by counsel, files this Complaint against defendant Buy Rugs Direct, Inc. ("Buy Rugs Direct").

### NATURE OF ACTION

1. This is a trademark infringement action arising out of the defendant's infringement of Winchester's federally registered servicemark RUGS-DIRECT.COM® (the "Mark"). Winchester seeks injunctive relief and money damages.

### PARTIES

2. Winchester is a retail on-line seller of area rugs and accessories with its principal place of business in Winchester, Virginia.

3. Upon information and belief, Buy Rugs Direct is a Massachusetts

corporation engaged in the retail on-line sale of area rugs and accessories which regularly conducts business in Virginia.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C § 1121 and pursuant to 28 U.S.C. §§ 1331 and 1338.

5. This Court has personal jurisdiction over the defendant because, upon information and belief, defendant engages in sales of area rugs and accessories within Virginia.

6. Venue is proper pursuant to 28 U.S.C. §§ 1391(b) and (c) because the defendant is a corporation doing business in this judicial district and because the cause of action arose here.

## FACTS

7. At least as early as June 2, 1999, Winchester had adopted, utilized, and extensively marketed the RUGS-DIRECT name in relation to the retail, mail order, and on-line sale of area rugs and accessories.

8. On October 16, 2003, Winchester filed an application to register the mark RUGS-DIRECT.COM® in the United States Patent and Trademark Office ("PTO").

9. The PTO issued a registration certificate on November 1, 2005 for the mark RUGS-DIRECT.COM® for use in connection with "on-line retail store services featuring rugs and rug accessories." A true and correct copy of Winchester's Certificate of Registration, Reg. No. 3,010,011 is attached as Exhibit A.

10. Winchester is the sole and exclusive owner of the Mark.

11. Since adopting the Mark, in 1999, Winchester has advertised its retail on-

line sale of area rugs and accessories on the Internet, in print media, and in brochures and other marketing materials.

12. Upon information and belief, Buy Rugs Direct began using the name "BUYRUGSDIRECT.COM" in connection with retail on-line sale of area rugs and accessories after Winchester's date of first use.

13. Buy Rugs Direct is not licensed by Winchester to use the Mark and has no right to use RUGS-DIRECT.COM® or any confusingly similar mark.

14. On or about March 19, 2004, Buy Rugs Direct filed an application to register the mark BUYRUGSDIRECT.COM in the United States Patent and Trademark Office ("PTO").

15. On or about December 19, 2005, the PTO issued an Office Action refusing to register the trademark BUYRUGSDIRECT.COM because Buy Rugs Direct's mark "when used on or in connection with the identified goods/services, so resembles the mark in U.S. Registration No. 3,010,011 as to be likely to cause confusion, to cause mistake, or to deceive."

16. A true and correct copy of the PTO's Office Action refusing Buy Rugs Direct's trademark registration application is attached as <u>Exhibit</u> B.

17. On or about January 12, 2006, Winchester advised Buy Rugs Direct of Winchester's federal registration of the Mark and trademark rights, that Buy Rugs Direct's use of "BUYRUGSDIRECT.COM" and "buyRUGSdirect" in providing retail on-line sale of area rugs and accessories infringed the Mark and Winchester's trademark rights and requested that Buy Rugs Direct cease and desist using the name BUYRUGSDIRECT.COM and buyRUGSdirect, or any name confusingly similar to the

Mark, in any manner connected to the retail on-line sale of area rugs and accessories.

18. Despite this notice, Buy Rugs Direct has refused to cease and desist its infringing activities and continues to intentionally confuse the public by the use of "BUYRUGSDIRECT.COM" and "buyRUGSdirect" as a brand of the retail on-line sale of area rugs and accessories.

19. To date, numerous errors have resulted from suppliers who have confused Winchester and Buy Rugs Direct.

20. On information and belief consumers of retail on-line sales of area rugs and accessories have been and are actually confused by Buy Rugs Direct's use of "BUYRUGSDIRECT.COM" and "buyRUGSdirect," believing Buy Rugs Direct's services are actually provided by Winchester.

## COUNT I
(Trademark Infringement)

21. Winchester repeats and realleges the allegations set forth in Paragraphs 1 through 20 above as if fully set forth herein.

22. Buy Rugs Direct's continued use of "BUYRUGSDIRECT.COM" and "buyRUGSdirect" in connection with its retail on-line sale of area rugs and accessories has caused, is causing, and is likely to continue to cause confusion, mistake, or to deceive consumers.

23. Buy Rugs Direct's use of "BUYRUGSDIRECT.COM" and "buyRUGSdirect" in commerce infringes the Mark in violation of 15 U.S.C. § 1114(1)(a).

24. Buy Rugs Direct's infringement of the Mark has caused and is causing Winchester great and irreparable injury and, unless restrained, will cause further

irreparable injury for which Winchester has no adequate remedy at law.

25. By reason of the foregoing, Winchester is entitled to injunctive relief as to Buy Rugs Direct's continuing acts of infringement; to an award of such money damages as may be proven at trial, which amount should be trebled under 15 U.S.C. § 1117; and to an award of its attorneys' fees, costs, and expenses.

## COUNT II
(Unfair Competition)

26. Winchester repeats and realleges the allegations set forth in Paragraphs 1 through 25 above as if fully set forth herein.

27. Buy Rugs Direct is using "BUYRUGSDIRECT.COM" and "buyRUGSdirect " in commerce. Such use violates 15 U.S.C. § 1125(a) in that it is and is likely to cause confusion, to cause mistake or to deceive consumers as to Buy Rugs Direct's affiliation, connection or association with Winchester and as to the origin, sponsorship or approval of Buy Rugs Direct's product(s) or service(s) by Winchester.

28. Buy Rugs Direct's acts in violation of 15 U.S.C. § 1125(a) have caused and are causing Winchester great and irreparable injury for which Winchester has no adequate remedy at law.

29. By reason of the foregoing, Winchester is entitled to injunctive relief as to Buy Rugs Direct's continuing violation of 15 U.S.C. § 1125(a); to an award of such money damages as may be proven at trial, which amount should be trebled under 15 U.S.C. § 1117; and to an award of its attorneys' fees, costs and expenses.

## REQUEST FOR RELIEF

WHEREFORE, Winchester prays for judgment and relief against Buy Rugs Direct as follows:

(a) For an Order adjudging Buy Rugs Direct to have infringed the Mark;

(b) For an Order enjoining any further infringement of the Mark by Buy Rugs Direct, its officers, agents, servants, employees, attorneys and all those persons in active concern or participation with them;

(c) For an Order that Buy Rugs Direct account for the infringement, and pay monetary damages to Winchester sufficient to compensate for the infringement;

(d) For an Order enhancing damages up to treble damages under 15 U.S.C. § 1117, for the deliberate and willful nature of Buy Rugs Direct's infringement;

(e) For an Order that Buy Rugs Direct pay interest on the damages award in the form of both pre-judgment and post-judgment interest;

(f) For an Order ordering Buy Rugs Direct to pay Winchester's costs and expenses and its reasonable attorneys' fees; and

(g) For an Order granting Winchester such other relief as the Court deems just and equitable.

JURY TRIAL DEMANDED.

WINCHESTER CARPET & RUG COMPANY
d/b/a RUGS-DIRECT.COM®

By: ___/s/ D. Kyle Deak___
Of Counsel

Patrick R. Hanes (VSB No. 38148)
Bryan D. Wright (VSB No. 43773)
D. Kyle Deak (VSB No. 65391)
WILLIAMS MULLEN, A Professional Corporation
Two James Center
1021 E. Cary Street
P.O. Box 1320
Richmond, VA  23218-1320
Telephone:   (804) 643-1991
Facsimile:   (804) 783-6507
1244943v2